IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
FILED
Apr 29, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES OF AMERICA

v.

JEREMY PENA (01)

No. 4:22-MJ-189-BP
**[FILED UNDER SEAL]**

## <u>ORDER</u>

Before the Court is the Government's Motion to Revoke Order of Release (ECF No. 6). This motion follows a detention hearing held on April 26, 2022, in the Eastern District of California, where the Government moved to detain Defendant pending trial on the underlying indictment. Upon *de novo* review[1] of the relevant pleadings and the transcript of the detention hearing, the Court **GRANTS** the Government's Motion to Revoke.

## I.    BACKGROUND

On March 14, 2022, the Honorable Hal R. Ray, United States Magistrate Judge in the Northern District of Texas, signed a complaint charging Defendant—a resident of New York—with possession of a counterfeit U.S. Passport Card, in violation of 18 U.S.C. § 1546(a). On April 25, 2022, federal law enforcement officers arrested Defendant in the Eastern District of California. Subsequently, on April 26, 2022, Defendant was brought before Magistrate Judge Allison Claire in the Eastern District of California for his initial appearance. Judge Claire held the detention hearing at the same time. At the hearing, the government argued for detention on the basis that the defendant was a flight risk and a

---

[1]The standard for review of a motion for revocation of an order of release under 18 U.S.C. § 3145 in the district court is *de novo*. *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981).

danger to the community. The government proffered that Defendant's alleged possession of the counterfeit U.S. Passport Card in the Northern District of Texas on February 10, 2022—the incident for which he was charged—was part of a broader scheme involving bank fraud and identity theft. The government further stated that after Defendant was released on bond from his Texas state charges related to the February 10, 2022 incident, he promptly resumed his criminal activity. According to the government, Defendant was conducting the same fraud scheme in the Eastern District of California when he was arrested.

At the detention hearing, Defendant contended that he was not a flight risk or danger to the community. Defendant's attorney proffered that Defendant's grandmother was willing to act as a third-party custodian to ensure Defendant's appearance in the Northern District of Texas.

After considering the parties' submissions, the Magistrate Judge concluded that she could fashion appropriate conditions of release and ordered Defendant released. Following the Magistrate Judge's ruling, the government moved to stay the release order and filed the instant motion.

## II.    LEGAL AUTHORITIES

The Bail Reform Act of 1984 (the "Act") provides the procedure governing whether an individual charged with a crime should be released pending trial. 18 U.S.C. §§ 3141–56. The Act favors release over detention and directs a defendant to be released under the least restrictive condition or combination of conditions that will reasonably assure his appearance and the safety of the community. *United States v. Barnett*, 986 F. Supp. 385,

392 (W.D. La. 1997). The first consideration for a court facing a detention issue is to determine whether the defendant should be released on personal recognizance or upon the execution of an unsecured appearance bond. *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). If a court determines that simply releasing a defendant will not reasonably assure his appearance as required or will endanger the safety of another person or the community, it must then consider whether certain conditions will alleviate these concerns before considering whether pre-trial detention is appropriate. *Id.*; *see also* 18 U.S.C. §§ 3142(b)–(c).[2] When considering whether a condition or a combination of conditions can reasonably assure a defendant's appearance and the safety of the community, a court must take into account the nature and circumstances of the offense charged against the defendant, the weight of the evidence against him, the defendant's history and characteristics—including his character, family ties, length of residence in the community, criminal history, and whether he committed the current offense while on release—and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The Act limits the cases in which a defendant may be detained in advance of trial. *Barnett*, 986 F. Supp. at 392. "Detention can be ordered, therefore, only 'in a case that involves' one of the six circumstances listen in [§ 3142](f), and in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

---

[2] The conditions to consider include such things as travel restrictions, avoiding contact with certain individuals, posting an appearance bond, or reporting on a regular basis to a Pretrial Services Officer.

community."[3] *Byrd*, 969 F.2d at 109. When the Government alleges that no conditions will reasonably assure the safety of another person or the community, it bears the burden to establish this by clear and convincing evidence. *United States v. Salerno*, 481 U.S. 739, 750 (1987). When the Government alleges that no conditions will reasonably assure a defendant's appearance, it bears the burden to show "it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *United States v. Stanford*, 341 F. App'x 979, 981 (5th Cir. 2009). If after a detention hearing a court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of another person or the community, the defendant shall be detained. 18 U.S.C. § 3142(e).

## III.   DISCUSSION

The Government asserts that no conditions or combination of conditions exist that will reasonably alleviate Defendant's flight risk and danger to the community. After a *de novo* review of all of the pertinent information, the Court concludes Defendant should be detained as both a flight risk and a danger to the community.

As described above, in the transcript, and in the pleadings, Defendant is alleged to have been engaging in a complex fraud scheme whereby he and his coconspirators obtain counterfeit U.S. Passport Cards and other state identification documents in the names and identifying information of real persons. According to the government, Defendant and his

---

[3]The six conditions are cases involving (1) a crime of violence; (2) a sentence of life or death; (3) certain drug offenses; (4) certain recidivist offenders; (5) serious risk of flight; or (6) serious risk that the defendant will obstruct justice, or threaten, injure, or intimidate a prospective witness or juror, or attempt to do so. 18 U.S.C. § 3142(f).

coconspirators use these documents to open fraudulent bank accounts and then transfer money from the victims' real bank accounts into the fraudulent bank accounts. Defendant was arrested by state authorities in the Northern District of Texas allegedly in possession of over 40 counterfeit identification documents used to carry out this scheme.

The government has proffered clear and convincing evidence that Defendant's arrest in Texas in February 2022 has not deterred him from engaging in the same type of conduct. Electronic and physical surveillance in California is consistent with Defendant traveling to multiple branches of the same bank. Defendant was observed with one of his alleged coconspirators whose photograph was on dozens of the identification documents found in Defendant's possession in February. And the government has proffered that bank records from April support Defendant's involvement in unlawfully transferring over $100,000 from a victim's bank account. Therefore, while the scheme does not appear to involve physical violence,[4] it is reasonable to conclude that Defendant poses a continued financial danger to the community should he be released.

Finally, the Court also concludes Defendant is a flight risk and there are no conditions or combination of conditions that can reasonably assure his presence. He has shown he is unable or unwilling to comply with terms of pretrial release. Only several months following his arrest in Texas, the evidence is sufficient to reasonably conclude that Defendant traveled to California to engage in the same fraud scheme. While Defendant's

---

[4]The Court also notes its concern about the presence of a firearm found in relation to the February 10, 2022 incident in Texas, and the machinegun found in relation to Defendant's arrest in California on April 25, 2022.

grandmother agreed to serve as a third-party custodian, the Court is not persuaded that she has the means or ability to reasonably ensure Defendant's appearance in Texas.

Based on the foregoing, and considering Defendant's history and characteristics, the Court concludes that clear and convincing evidence shows no condition or combination of conditions will reasonably assure the safety of the community *and* that it is more likely than not that no condition or combination of conditions will reasonably assure his appearance.

## IV.    CONCLUSION

Accordingly, the Government's Motion to Revoke Magistrate Judge's Detention Order (ECF No. 6) is **GRANTED**. The Government is **ORDERED** to take all steps necessary to arrange for Defendant to be transported to appear in the Northern District of Texas without delay.

**SO ORDERED** on this **28th day** of **April, 2022**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE